UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORI JEAN DAVIS, <br>     Plaintiff, <br><br> v. <br><br> The LINCOLN NATIONAL <br> LIFE INSURANCE COMPANY, <br>     Defendant. | Civil No. 3:21-cv-05794 <br><br> COMPLAINT FOR ERISA BENEFITS |

Plaintiff, Lori Jean Davis, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as

PLAINTIFF'S COMPLAINT                                       Evergreen Disability Law <br>
Civ. No.: 3:21-cv-05794                1              465 NE 181st Ave., No. 500 <br>
                                                                                          Portland, Oregon 97230 <br>
                                                                                           (503) 888-9331

defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as the Department of Labor's ERISA claims regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach occurred. Plaintiff lives in Clark County, Washington, and Defendant failed to deliver benefits due to her there.

## **PARTIES**

4. Plaintiff is currently and was at all times relevant to this case a resident of Vancouver, Clark County, Washington.

5. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company headquartered in Omaha, Nebraska, and is authorized to transact the business of insurance in this state.

6. Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy 00001021219900000, issued by Lincoln to PeaceHealth.

7. Lincoln may be served with process in Washington by and through the Washington State Office of the Insurance Commissioner, by mailing two copies of the summons and complaint to: Office of the Insurance Commissioner, Service of Legal Process, P.O. Box 40255, Olympia, WA 98504-0255.

PLAINTIFF'S COMPLAINT  
Civ. No.: 3:21-cv-05794                     2

Evergreen Disability Law  
465 NE 181st Ave., No. 500  
Portland, Oregon 97230  
(503) 888-9331

**FACTS**

8. Plaintiff was employed by PeaceHealth as a computer security coordinator.

9. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy 00001021219900000, issued by Lincoln to PeaceHealth.

10. The provision of group long term disability ("LTD") insurance coverage to employees of PeaceHealth constitutes an ERISA welfare benefit plan ("Plan").

11. Plaintiff stopped working for PeaceHealth on or about March 6, 2019 due to disabling symptoms of fibromyalgia syndrome, as well as other conditions.

12. When Plaintiff ceased work she was covered under the terms of the Plan.

13. Plaintiff timely applied for LTD benefits under the Plan.

14. For the first two years LTD benefits under the Plan, the standard for disability is an inability to perform one's "own occupation."

15. Lincoln denied Plaintiff's claim for LTD benefits by letter dated September 24, 2019.

16. Lincoln's September 24, 2019 denial letter was not mailed to Plaintiff until November 7, 2019.

17. Plaintiff submitted a timely appeal of Lincoln's claim denial on April 29, 2020.

18. With her April 2020 appeal, Plaintiff submitted a report of a 2-day functional capacity evaluation demonstrating that she could not perform her own occupation, a report of cognitive testing showing she could not perform her own occupation, and the findings of the Social Security Administration finding her disabled from any occupation.

19. With her April 2020 appeal, Plaintiff also submitted to Lincoln information demonstrating that the doctor on which it relied for its denied of Plaintiff's claim, Dr.

PLAINTIFF'S COMPLAINT  
Civ. No.: 3:21-cv-05794

3

Evergreen Disability Law  
465 NE 181st Ave., No. 500  
Portland, Oregon 97230  
(503) 888-9331

1   Gary Greenhood, has derived the majority of his income for the past 20 years working

2   for various insurers, and should in no way be considered an "independent" reviewer.

3   20. By letter dated May 29, 2020, Lincoln denied Plaintiff's appeal.

4   21. Plaintiff appealed Lincoln's appeal denial by letter dated November 12, 2020.

5   22. By letter dated January 26, 2021, Lincoln explained its intention to approve Plaintiff's

6   claim, but only for approximately two months of LTD benefits, from September 3 to

7   November 8, 2019. Benefits beyond that date would remained denied. Lincoln invited

8   comments to this letter.

9   23. By letter dated March 6, 2021, Plaintiff responded to Lincoln's proposed decision,

10  submitting arguments for why Lincoln should adopt the opinions of the providers who

11  had seen and treated her in person, rather than the opinions of the file-reviewing

12  doctors on which Lincoln's proposed decision was based.

13  24. By letter dated March 17, 2021, Lincoln issued a decision adopting the previous

14  proposed decision, i.e., approving Plaintiff's claim for LTD benefits until November 8,

15  2019, but denying benefits beyond that date.

16  25. Lincoln's March 17, 2021 letter stated that Plaintiff had "exhausted their first level of

17  appeal" and that another appeal was available to her.

18  26. Plaintiff has not appealed Lincoln's March 17, 2021 decision.

19  27. Plaintiff is not required by law or by the provisions of this ERISA plan to appeal

20  Lincoln's denial of her claim for a third time.

21  28. The ERISA claims regulations, at 29 C.F.R. § 2560.503-1(c)(2) states than reasonable

22  ERISA claims procedures may not "require[] a claimant to file more than two appeals of

1 an adverse benefit determination prior to bringing a civil action under section 502(a)"
2 of ERISA.
3 29. Plaintiff has already filed two appeals of Lincoln's denial of her claim, and Lincoln has
4 not substantially changed its position, despite eventually approving approximately two
5 months of benefits.
6 30. Plaintiff has exhausted the Plan's mandatory administrative remedies.
7 31. This complaint is timely filed within the contractual limitations period stated in the
8 policy.
9 32. Plaintiff was and continues to be disabled under the terms of the Plan.
10 33. Defendant would pay any benefits due out of its own funds.
11 34. Defendant was under a perpetual conflict of interest because the benefits would have
12 been paid out of its own funds.
13 35. Defendant allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

16 36. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term
17 disability benefits in the event that Plaintiff became disabled as defined by the Plan.
18 37. Plaintiff is disabled and entitled to benefits under the terms of the Plan.
19 38. Defendant failed to provide benefits due under the terms of the Plan and these denials
20 of benefits to Plaintiff constitute breaches of the Plan.
21 39. The decisions to deny these benefits were wrong under the terms of the Plan, and
22 should be reversed on *de novo* review.

PLAINTIFF'S COMPLAINT                                     Evergreen Disability Law
Civ. No.: 3:21-cv-05794                5                 465 NE 181st Ave., No. 500
                                                         Portland, Oregon 97230
                                                         (503) 888-9331

40. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

41. The decisions to deny benefits were not supported by substantial evidence in the record.

42. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

43. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Defendant to pay continuing benefits into the future, so long

PLAINTIFF'S COMPLAINT
Civ. No.: 3:21-cv-05794

6

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 26th day of October, 2021.

Respectfully submitted,

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon, WSBA No. 53118

PLAINTIFF'S COMPLAINT
Civ. No.: 3:21-cv-05794

7

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331